# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

FILED

2012 JAN 17  AM 9:00

CLERK
US BANKRUPTCY
DISTRICT OF DELAWARE

| | |
|---|---|
| In the matter of | ) Chapter 13 |
| | ) |
| ROMIE DAVID BISHOP | ) |
| SHIRLEY ANN BISHOP | ) CASE NO. 11-12338-(BLS) |
| Debtor(s) | ) |
| _____ | ) Docket No._____ |
| ROMIE DAVID BISHOP | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| CITIMORTGAGE, INC. | ) |
| | ) |
| | ) |
| MORRIS/HARDWICK/SCHNEIDER | ) |
| | ) |
| FIRST AMERICAN DEFAULT | ) |
| INFORMATION SERVICES | ) |
| | ) |
| MORTGAGE ELECTRONIC REGISTRATION) |
| SYSTEMS, INC. | ) |
| | ) |
| HOLABIRD ABSTRACTS, INC. | ) |
| | ) |
| AARON MENNE | ) |
| | ) |
| NATHAN E. HARDWICK | ) |
| | ) |
| LISA R. HATFIELD | ) |
| | ) Adv. Pro. No. _____ |
| DENNIS J. LUECKE | ) |
| | ) |
| JACKIE OLIVER | ) |
| | ) |
| JULIA WOOD | )Ref. Bk. Case No. 11-12338-BLS D.I. 55 |
| | ) D.I.26 |

## **COMPLAINT TO/FOR**

1.  **Count One:** To/for a determination if acts claimed are Violations of the Racketeer

Influenced and Corrupt Organization Act; Page 17

2. **Count Two**: For a determination of whether violations of the Fair Debt Collection Practices Act; Page 27

3. **Count Three**: For a claim of damages, statutory, compensatory damages, punitive damages, incidental damages, and treble damages; Page 28

4. **Count Four**: For the intentional, malicious, and negligent infliction of severe emotional distress with malice of forethought; Page 29

5. **Count Five**: For a claim of unfair and deceptive acts; by an criminal organization of businesses, that wrongly affected interstate commerce on a large scale; Page 32

6. **Count Six**: To determine the validity and/or dischargeability of a claimed debt; Page 32

## JURISDICTION OF THE BANKRUPTCY COURT

## AS TO ALL COUNTS

7.    The Court has jurisdiction over this matter under:

   **a.** U.S.C.  Title 28 Part 1 Chapter 6 §§ 157 (b) (1);

   **b.** Title 28 U.S.C. § 1334;

   **c.** Title 28 U.S.C. § 157 (b) (2) (A) as a core proceeding;

   **d.** Title 28 U.S.C. § 1409;

**e.** Title 12 U. S. C. §484(a) as the defendants are National Banks, employees, and associates of National Banks;

**f.** Title 42 U.S.C. Chapter 21 Sec. 1982;

**g.** Title 42 U.S.C. Chapter 21 Sec. 1983;

**h.** Claims herein of deprivation of Plaintiff rights, privileges, secured by the (14) Fourteenth Amendment to the United States Constitution as adopted on <u>July 9, 1868;</u>

## The Parties

## <u>PLAINTIFF</u>

8.    Plaintiff Romie David Bishop ("hereafter referred to as Plaintiff") is well informed and after a (2) two year (6) six month plus investigation, and has first hand personal knowledge of the claims made herein, individually representing himself in this Complaint;

## <u>DEFENDANTS</u>

9.   Defendant Citimortgage, Inc.  ("Citi") is a Delaware corporation with a principal place of business of 1000 Technology Drive O'Fallon, MO 63368-2240. "Citi" registered agent for service in the State of Delaware is the Corporation Trust Company Corporate Trust Center 1209 Orange Street, Wilmington, DE. 19801. Plaintiff allege on personal knowledge, information, and belief "Citi" had the authority to stop the action when notified of their employees actions and played a direct role in the fraud for profit;

10.     Defendant Morris/Hardwick/Schneider ("Morris") is a Limited Liability Corporation with a principle place of business 7000 Central Parkway, Suite 300 Atlanta, GA. 30328 and can served  at their registered agent for service Casper, Courtneys 254 N. Broad St., Winder, GA 30680. Plaintiff allege on personal knowledge, information, and belief "Morris" had the authority to stop the action when notified of their employees actions and played a direct role in the fraud for profit;

11. and 12. Omitted

13.     Defendant First American Default Services ("First American") who has a principal place of business located at 1 First American Way, Westlake, TX 76262 and can be served at their registered agent Corporation Service Company, 84 State Street, Boston MA 02109. "First American" had the authority to stop the action when notified of their employees actions, and played a direct rule in the fraud for profit. Plaintiff allege on personal knowledge, information, and belief; they are a Nationally known, as a third party provider, and they routinely attempt to fix transfer problems through fraud, most often using individuals across state lines, and produced perjured and fraudulent document(s) as alleged herein, then transferred the document(s) across state lines, to be filed in the New Castle County Recorder of Deeds, and with knowledge the document(s) will be used in a foreclosure action against the Plaintiff, and in the Bankruptcy Action the originating cause of this proceeding;

14.     Defendant Mortgage Electronic Registration Systems Inc.  ("Mers") who has a principal place of business located at 1818 Library Street, Reston, VA 20190 registered agent for service is CT Corporation System 155 Federal Street ste 700 Boston MA. 02110. Plaintiff allege on personal knowledge, information, and belief "Mers" had the authority to

stop the action when notified of their employee(s) actions, and played a direct role in the fraud for profit. "Mers" routinely attempts to fix transfer problems through fraud always using individuals across state lines;

15.     Defendant Aaron Menne ("Menne") is managing attorney and Vice President of "Citi", and can be served at his place of business located at 1000 Technology Drive O'Fallon, MO 63368-2240. Plaintiff allege on personal knowledge, information, and belief "Menne" as managing attorney for "Citi" had the authority to stop the action when notified of his subordinates and third party vender(s) actions. "Menne" is hands on and played a key role in the fraud for profit in his personal capacity;

16.     Defendant Aaron Menne ("Menne") is a Vice President of "Mers" and can be served at his place of business located at 1818 Library Street, Reston, VA 20190;

17.     Defendant Nathan Hardwick ("Hardwick") is Managing Partner of Morris/Hardwick/Schneider, and can be served at his place of business located at 7000 Central Parkway, Suite 300 Atlanta, GA. 30328. Plaintiff allege on personal knowledge, information, and belief "Hardwick" as Partner and managing attorney had the authority to stop the action when notified of his subordinate employees actions, he made and authorized policy for "Morris",  unethical policies, illegal customs and practices and played a direct role in the fraud for profit in his personal capacity;

18.     Defendant Lisa R. Hatfield ("Hatfield") Plaintiff allege on personal knowledge, information, and belief; "Hatfield" is the Managing attorney for "Morris" in the State of Delaware and undesignated affiant for "Citi", and can be served at her place of business located at 284 East Main Street, Newark, DE. 19711. "Hatfield" had the authority to stop the action when notified of the false claim, and played a direct role in wrongly continuing the fraud for profit in as an affiant to claimed false sworn statement(s);

19.     Defendant Dennis J. Luecke ("Luecke") Plaintiff allege on personal knowledge, information, and belief; "Luecke" is an employee of "Citi" and can be served at his place of business located at 1000 Technology Drive O'Fallon, MO 63368-2240. "Luecke" had the authority to refuse to participate, but instead played a direct role in the fraud for profit in his personal capacity;

20.     Defendant Dennis J. Luecke ("Luecke") Plaintiff allege on personal knowledge, information, and belief; "Luecke" is an employee of "First American", a notary in the state of Missouri, and acted as an undesignated affiant for Aaron Menne. Plaintiff claims herein "Menne" is a Robo-signer. "Luecke" can be served at his place of business located at 1 First American Way, Westlake, TX 76262. "Luecke" had the authority to refuse to participate, but instead played a direct role in the fraud for profit in his personal capacity, backdated an assignment of mortgage on July 17, 2009 to match the date of settlement May 4, 2007, Noteworthy is "Luecke" was not a Notary Republic on May 4, 2007;

21.     Defendant Jackie L.  Oliver ("Oliver") Plaintiff allege on personal knowledge,

information, and belief; "Oliver" is Vice President and General Counsel of First American,

an attorney for First American, and designated affiant for "First American" and can be

served at her place of business located at 1 First American Way, Westlake, TX 76262.

"Oliver" had the authority to stop the action when notified of her subordinate employee

actions, and played a direct role in the fraud for profit in a false written explanation of the

backdated assignment of mortgage;


22.     Defendant Julia Wood ("Wood") Plaintiff allege on personal knowledge,

information, and belief; "Wood" is an employee of "Citi" and the designated Affiant for

"Citi" with the job title of Legal Support Specialist, and can be served at her place of

business located at 1000 Technology Drive O'Fallon, MO 63368-2240. "Wood" the

designated affiant for "Citi", and on <u>June 7, 2010</u> via sworn statement that "Citi" <u>did not</u>

own the Mortgage or Note;


23.     Plaintiff alleges on personal knowledge, information, and belief; when the

Defendant(s) who are parties herein are referred to as a group, they will be referred to as

("enterprise members"), Plaintiff herein sets forth a pleading requesting special damage's,

herein certifies that all claims and assertions are made with of his personal knowledge

obtained after a lengthily investigation, formed the belief(s) listed and claimed herein after

an extended inquiry, and state the claims made herein are reasonable under the

circumstances, furthermore, Plaintiff herein certifies the Complaint it is not being presented

for any improper purpose, and that the claims, and other legal contentions are warranted by

existing law, including non-frivolous arguments for modifying Fed. R. Bankr. P. 3001(f) presumption of truthfulness;

### Relationships between the Defendant(s)

24.   Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" **(a)** ignoring fundamental civil rights of debtors across the nation, set out to and created, an association-in-fact enterprise, which had an ascertainable structure with "Citi" at top; **(b)** the Insiders who are Corporate Officers, Company Directors, and employees of the Corporations listed herein, willfully in the breach of their legal duties of the industry they are leaders of, and in their commission of a fraudulent scheme, a scheme to collect hundreds of millions of dollars by fraud; **(c)** the "enterprise members" action(s) are related, form a pattern, have the same and similar purposes, results, participants, victims, and methods of commission, are interrelated by distinguishing characteristics. Continuity is open-ended. H. J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (U.S. 1989);

### Nature of Proceeding

25.   Plaintiff alleges on personal knowledge, information, and belief; a criminal enterprise exists, the Defendant(s) employee(s) wear multiple hats. **(a)** The document(s) defining the relationships lack any formal structure; **(b)** The herein challenged assignment of mortgage(s), mortgage, and note as fraudulent document(s), claim they lack legal and proper execution by the parties, and falsely claimed a party signed; **(c)** failure of the documents to meet any standard was intentional, reflecting a very low level of skill by persons who have superior skills, are designed to obfuscate to truth, the lack of perfection of the documents suggested

and demonstrate a familiarity between parties; **(d)** the lack of proper execution also provides large loop wholes for the listed Defendant declarant(s); **(e)** the "enterprise members" committed outrageous and illegal acts in the instant action, and in Millions other actions across the Nation, beginning on or before <u>May 4, 2007</u>, and continuing, criminal acts with the counsel of fellow "enterprise members", members who are licensed attorney(s); **(f)** On or about <u>May 4, 2007</u> the "enterprise members" and cohorts, knowingly and willfully entered into the conspiracy, and by verbal agreement, fraudulent or altered written document(s) to evade normal local, state, federal tax(s), and fees, fees associated in the operation of their daily businesses; **(g)** the "enterprise members" formed, and exhibited an understanding to commit an criminal offenses against the United States, State of Delaware, New Castle County, and the Plaintiff in a scheme to EVADE taxes and fees, altered when a National Crisis occurred into a scheme to commit fraud for profit, and then took addition illegal steps to support and continue the scheme when challenged including: obstruction to impede the administration of Federal, States, and Local Government checks and procedures, to impede justice, and in violation of Title 18, U. S. C. Section 1503, the "enterprise members" formed and supported a criminal enterprise;

26.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" scheme to evade Federal, State, New Castle County taxes, and fees in the normal course of the industry they are in. The "enterprise scheme" prevented perfection of the security instrument(s) and created <u>unfixable breaks </u>in the chain of the claimed security instrument(s) attached to Claim <u>No. 12</u> in the Plaintiff Bankruptcy Proceeding No. <u>11-12338-BLS</u> (hereafter referred to as "Claim");

27.    Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" using perjured affidavits, and fraudulent assignments of mortgage to falsely deraign title of the security instrument(s) attached to the "Claim" voided any obligation, if any ever existed, herein objected to, and in millions of other claim(s) filed across the nation, through interstate mail, and over interstate wires delivered the fraudulent documents. The fraud has been largely successful, but the scheme to evade taxes and fees has a down side, when discovered or exposed the invalidation of the security instrument(s) is "forever";

## Effect on Interstate Commerce

28.    Plaintiff alleges on personal knowledge, information, and belief;  **(a)** the "enterprise members" on or before <u>May 4, 2007</u> engaged in a conspiracy that negativity affected Interstate and Foreign Commerce; **(b)** a conspiracy specifically to avoid  their legal obligations in the sale, transfer, and assignment of security instruments known as "Mortgages and Notes", a criminal scheme under Federal, State, and Local Law(s) for profit; **(c)** The "enterprise members" conspired to and did evade taxes and fees in the daily operation of their businesses by not reporting or paying required taxes and fees on the sales of over (1) One Trillion U.S. Dollars; **(d)** the "enterprise members" conspired to and evade taxes and fees the result is the invalidation of the security instrument(s) attached to the "Claim", and the scheme allowed "Citi" to falsely claim status as Holder; **(e)** the "enterprise members" deal in creation and sale of securities as an everyday course of business under section 12 or 15(d) of the Securities Exchange Act of 1934, or under section 6 of the Securities Act of 1933, and at all time had knowledge their actions were criminal;

29.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" are major industry participant(s), have altered their scheme to take advantage of the current National Crisis. The "enterprise members" beginning on or about <u>July 17, 2009</u> amended the scheme to commit theft by fraud taking advantage of their knowledge of the lack of perfection of millions of securities, and have leveraged the liability of the individual members (Fannie Mae) to prevent them from objecting to lead member "Citi" theft of security instrument(s);

30.     Plaintiff alleges on personal knowledge, information, and belief; "Citi" with other Super Banks to create a un-official and un-regulated registry "Mers", "Citi" and the other Super Banks named Corporate Officers of the Super Banks as Vice Presidents, "Citi" appointed their managing attorney "Menne". "Citi" then had "Menne" acting as vice president of "Mers" record the Plaintiff unperfected security instrument as satisfied, and cause that status to by forwarded to the accountants of Fannie Mae, "Fannie Mae" a co-conspirator in the original scheme to which to avoid taxes and fees was vulnerable to the theft by fraud. "Citi" then had "Menne" re-registered the Plaintiff claimed security instrument under a newly created identification number. "Menne" acting as a Vice President of "Mers" and attorney for "Citi" on <u>July 17, 2009</u> assigned the security instrument to "Citi" with no actual consideration changing hands. This has occurred Millions of time over, beginning on or about <u>June of 2008</u> when the National Crisis began, and the theft by fraud has caused Fannie Mae to require the bailout, a bailout of Hundreds of Billions of U. S. Dollars, Government Tarp funds to cover the losses;

31.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" lead by "Citi" altered their original scheme to evade taxes and fees, into a scheme to wrongly profit from a National Crisis, and acting with the assistance of other National Banks,  listed as Defendant(s) in Adversary Proceeding No. 11-53412-BLS and are now incorporated by reference herein, Super Banks who are cohorts of the "enterprise members", and Stock Holders of "Mers", they are falsely claimed Competitors, and illegally colluding together when they are legally required by the United States of America free market system to be Competitors;

32.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" actions threaten my Nation, and incorporates by referenced all claims and legal assertions made in Adversary Proceeding No. 11-53412-BLS into this Complaint against other Super Banks that are cohorts of the "enterprise members";

33.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" include individuals and employ individuals that are brilliant legal and accounting minds, the members who are Super Banks, applied for and received TARP funds and tax breaks, the Super Banks who are "enterprise members" are also stock holders and corporation officers of "Mers". "Citi" and other Super Banks listed as Defendant(s) in Adversary Proceeding No. 11-53412-BLS took actions and non-action to reduced their competition in their industry to (5) five from (20) twenty, with the (5) five Super Banks all being part of the enterprise;

34.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" took advantage of the current National Crisis (profiteering) increased their profits

on each U. S. Dollar they lend by collusion increasing the margin between cost of funds and interest charged from 3% to >5%;

35.     Plaintiff alleges on personal knowledge, information, and belief; beginning on or about July of 2008 the "enterprise members" implemented a scheme that has began the birth of a new age, that will eliminate the middle class, by collusion of the members who are Super Banks to stop lending money to the middle class for the purchase of homes, Plaintiff states as firsthand knowledge that Citizen(s) with excellent credit, jobs, and equity were denied mortgage loans, beginning in February 2009, with the denials being based on unwritten standards (overlaying conditions) and part of the plan. The denial of the mortgage application(s) increased the severity of the National Crisis, and directly caused the demise of small and medium mortgage broker(s), small and medium home builders, currently the Super Banks are implemented policy to get rid of large mortgage bankers, all have directly resulted in an increase in the lending margin and denial of qualified loan applicants applications;

36.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" are brilliant and have implemented a plan to kept my lower class forever a lower class, as servants to the upper class "enterprise members" who now are secret sister corporations, a group colluding to  interfere with the free market, their relationship(s) are not arms length, exhibited by many employees wearing many hats of the supposed to be competing corporations, agreement(s) like the Citi Global Agreement, and  joint participation in racketeering activity, a group of enterprise members that will continue to engage in such activity until they are otherwise precluded from doing so by a large enough award of damages to force a change of the scheme or business plan;

37.    Plaintiff alleges on personal knowledge, information, and belief; the "enterprise

members" victimized the entire Nation through the false proofs of claims like the "Claim"

contested herein and in foreclosure action(s) in state courts, Plaintiff herein request Damages

in the amount of: <u>all the net profits</u> of the listed Defendant(s) from <u>July 17, 2009</u> to the day of

this Honorable Court issues a final Order, plus post Judgment interest of 2% per month until

payment is made in full;

38.    Plaintiff alleges on personal knowledge, information, and belief; the "enterprise

members" are a National Security risk, and intentionally failed to file the UCC forms or

officially record the transfers of over a Trillion U.S.  Dollars in securities intentionally, first

with the intend to evade taxes and fees, then altered with the intend to steal as many of

Fannie Mae and Freddie Mac securities as they can, a scheme to commit theft by fraud that

lead to "Citi" to post a (6) Six Billion U.S. Dollars in profit in the year of our god 2010 A.D.,

while lending was reduced, and market share greatly increased, their illegal scheme leaves

the U.S. Government Blind and is a grave National Security concern, the "enterprise

members" are industry leaders, their avoidance of regulatory procedures makes the Banking

industry ripe for unsavory types, organized crime, terrorists and lawyer(s), who formed an

white collar organized crime outfit, that has committed the largest theft in the history of

mankind, received TARP funds, and gotten tax breaks in Billions of U.S. Dollars;

### History or longevity of the enterprise

39.    Plaintiff alleges on personal knowledge, information, and belief;  the "enterprise

members" operational tactic's beginning on <u>May 4, 2007</u> and continuing, described herein

were known by the member's to be  illegal, their plan required cohorts, their original plan to

Page 14 u. 49

evade taxes and fees has morphed into a scheme to commit theft by fraud, and has resulted in the largest theft in the history of mankind, and if allowed to continue will result in the extinction of the middle class, that the Plaintiff has always worked to rise to;

## Pattern

40. Plaintiff alleges on personal knowledge, information, and belief; **(a)** the enterprise member's activities exhibit a pattern of racketeering activity, a pattern of racketeering activity is evident in the instant action and Millions of other actions currently in the United States Bankruptcy Courts, in proceeding(s) which the "enterprise members" routinely and repeatedly prepared perjured "Proofs of Claims" filed in Bankruptcy proceedings nationwide; **(b)** an enterprise of at least **(11)** Eleven persons known, with thousands of other cohorts in support position(s); **(c)** the "enterprise members" engaged in a pattern of racketeering activity Nationwide from May 4, 2007 and continuing; **(d)** they have exhibited a historical history of routinely using false supporting documentation as defined in U.S.C. Title 18 Part 1 Chapter 96 1961 (9) and attached/filed the fraudulent/false and misleading documents in state and federal courts across the nation; cite Sinclair v. Hawke, 314 F. 3d 934, 943 (8th Cir. 2003);

## Fraudulent Concealment of the criminal acts

41. Plaintiff alleges on personal knowledge, information, and belief; **(a)** the "enterprise members" intended to and did affirmatively and fraudulently conceal their criminal acts on May 4, 2007, criminal acts including, evading Delaware State Law_____ prohibiting Dual Brokerage of Home Loans, the illegal loan closing prevented the perfection of the securities instrument(s); **(b)** recording Fraudulent and altered documents,

adding the Plaintiff wife to the mortgage without the knowledge of Plaintiff or his wife, without her ever applying for a mortgage, without required RESPA disclosure to Shirley Ann Bishop. The alteration prevented the legal perfection of the security instruments(s) and any enforceable obilgation; **(c)** evasion of taxes and fees, concealing wrongful conduct by "Citi", and concealing the existence of the criminal enterprise, conceal the fact "Citi" was the undisclosed lender, and preventing the perfection of the security instrument(s); **(d)** the "enterprise members" improper practices and frauds were by their nature, inherently self-concealing, and carried out in a manner that precluded detection, and when the Plaintiff filed a sworn response on <u>August 24, 2009</u> in the Delaware Superior Court outing the fraud, the "enterprise members" who were lawyer(s) committed additional felonies (false sworn affidavits on <u>October 1, 2009</u>, <u>October 14, 2009</u> and <u>October 22, 2009</u>) acts of fraud in the Delaware Court, to further conceal the attempted theft, and "OUTRAGOUSLY" have continued the attempted theft now in the Delaware Bankruptcy Court by "Claim", Plaintiff is flabbergasted; **(f)** the "enterprise members" who are industry leaders, as part of their scheme routinely practiced avoidance of their industries regulatory procedures from <u>May 4, 2007</u> and continuing using a self created unofficial and unregulated registry "Mers" a registry under the ownership and control of the "enterprise members"; **(g)** the schemes avoidance practice made the industry ripe for unsavory types, such as organized crime, terrorists, corrupt politicians, criminally inclined lawyer(s), and played a large part in the National Crisis that began on or about <u>May 4, 2007</u>; **(h)** the "enterprise members" scheme employed fraud, deceit, manipulation as a course of everyday business, with Tens of Millions of U.S. Dollars a month being fraudulently processed. The enterprise actions as

described herein constitute a pattern of racketeering. Sinclair v. Hawke, 314 F. 3d 934, 943 (8th Cir. 2003);

42. Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" filed fraudulent Complaint(s) and "Claims" across state lines (interstate) in United States Bankruptcy Courts nationwide, to receive illegal gains, an enterprise for purposes of engaging in, concealing, benefiting from a pattern of racketeering activity. The Fraudulent "Claim" with fraudulent supporting documentation in the instant action on December 6, 2011, that was just (1) one of (>1,000,000's) Millions of similar Proofs of Claims filed, in Bankruptcy Courts across the nation;

43. Plaintiff alleges on personal knowledge, information, and belief; the "Claim" filing was part of scheme or artifice to defraud the court, trustee and debtors, and illegal scheme breaking Federal laws, State laws, and County procedures in the process. The "enterprise members" actions are related; the criminal actions that form the pattern must have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics. Continuity is open-ended. H. J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (U.S. 1989);

## COUNT 1
### the enterprise
**To/for a determination if acts claimed are Violations of the Racketeer Influenced and Corrupt Organization Act**

44. To determine whether if an enterprise existed, and if, was one of the enterprise's fundamental purposes was to evade taxes and fees, and when the opportunity to exploit the

consequences of the tax and fees avoidance by criminally minded persons to committed

the largest theft in the history of mankind, opportunity available because of the

vulnerabilities that were a consequence of the tax and fee scheme,(if Fannie Mae had used

the New Castle County Recorder of Deeds "Menne" could not have satisfied the security

and then falsely assigned same to "Citi") the "enterprise members" acted beginning on or

before July of 2007 a theft of Billions of U. S. Dollars by use of perjured affidavits to

falsely claim an obligation(s) not owed to them, or any other party because of the original

plan to evade taxes and fees, a theft to wrongly deprive Plaintiff of the ownership and use

of his principal residence, a violation of the Plaintiffs rights secured by the Fourteenth

Amendment to the United States Constitution, adopted on July 9, 1868, and if the

Honorable Court makes that determination, Plaintiff request an award of damages of (3)

three times of the amount of the attempted theft as listed in the "Claim" filed on

December, 6, 2011. Plaintiff herein move pursuant to Title 42 Chapter 21 Sec 1982, and

Title 42 Chapter 21 Sec 1983 and request an award of $368, 626.32 times three for an total

of $1, 105,878.96 One Million One Hundred and Five Thousand Eight Hundred and

Seventy Eight U. S. Dollars and Ninety Six Cents;


45.     To determine whether one of the enterprises fundamental purposes was to through

the use of perjured assignment of mortgage on July 17, 2009, an a undated endorsement

improperly on the Note's signature page, and (3) three false sworn affidavits in October of

2009 to falsely deraign title of the security instrument(s), and if that was an attempt to

wrongly deprive Plaintiff of the ownership and use of their homes without a fair due

process, and the Honorable Court finds the "enterprise members" violated the Plaintiff

rights secured by the Fourteenth Amendment to the United States Constitution was adopted on July 9, 1868, and actionable under Title 42 Chapter 21 Sec 1982;

46. To determine whether one of the enterprise's fundamental purposes was to use self created false notarized documents, and altered loan closing document(s), then record or caused the documents to be recorded at the New Castle County Recorder of Deeds for the purpose to wrongly take advantage of and receive a special status under Delaware Rules of Evidence 902, (1) Self-authentication of public documents under seal, and also special status under F. R. E. Rule 902 (1) (A) designed to avoid a review of the document(s) in open court, and prevent an Affiant such as "Wood" from being truthful, confirming in open court what she as designated declarant disclosed on June 7, 2010 by sworn statement disclosed that the "Hatfield" and "Menne" swore falsely or lied to commit a theft;

47. To determine whether one of the enterprise's fundamental purposes was to utilize the Great Wealth they hold, Superior educated members, and high politically connected individual "enterprise members" to evade criminal charges, and if that played a part in denial of the Plaintiff constitutionally protected rights;

48. To determine whether one of the enterprise's fundamental purposes was to obfuscate, conceal fraudulent criminal acts while creating the illusion of a legitimate arms length transaction(s), between Super Banks, when the claimed transfer was actually a fraudulent transaction(s), and part of a scheme that Began on or before May 4, 2007;

49.     To determine whether one of the enterprise's fundamental purposes was to utilize Notary Republic's employed by one or more than one of the "enterprise members" to back date documents by years, for the purpose to obfuscate and create the illusion of a seasoned legitimate arms length transaction(s), that were a fraudulent transaction(s);

50.     To determine whether the "enterprise members" utilized employees who were willing or required by their supervisor to apply for a notary seal, with intend to wrongly use the appointment to falsely attest to verbal comments, or face the loss of employment. For a determination if "Luecke" make false claims, and if determined that occurred, to determine if "Luecke" made the claims under the threat of termination by his supervisors, and if determined "Luecke" was threaten with loss of employment was the threat made to create a loop whole for the endorsers to avoid criminal prosecution when the statements are found by a Court to be false;

51.     To determine whether the "enterprise members" engaged in a pattern of racketeering activity;

52.     To determine whether the affiants of the "enterprise members" engaged in subterfuge, in the wearing of various corporate hats;

53.     To determine whether the "enterprise members" committed acts of fraud on the Courts;

54.     To determine whether the "enterprise members" committed wire fraud, and mail fraud;

55.     To determine whether the "enterprise members" knowingly altered the mortgage and note attached as supporting documents to the "Claim" filed in the Bk. Case No. <u>11-12338-BLS</u>, Claims Reg. <u>No. 12</u> , filed in this  Honorable Court on <u>December 6, 2011</u>;

56.     To determine whether the "enterprise members" knowingly prepared and submitted perjured Assignment(s) of Mortgage to the Delaware New Castle County Recorder of Deeds;

57.     To determine whether the "enterprises members" activity negatively affected interstate commerce;

58.     Plaintiff alleges on personal knowledge, information, and belief; **a.** the enterprise acted and continues to act for an illegal purpose; **b.** they are a group of industry leaders who beginning on or about <u>May 4, 2007</u> implemented a plan of tax and fee avoidance; **c.** the scheme prevented proper perfection of security instruments; **d.** the scheme created the need for the fraud years later; **e.** the scheme was a breach of the Covenant of good faith and fair dealing; **f.** the fraud committed in the scheme voided the enforceability of the security instruments; **g.** Promissory Estoppels occurred; **h.** a break in the chain of title of a security instrument(s) known as a "Mortgage and Note"occurred; **i.** occurred (4) four times; **j.** the "enterprise members" violated Local law *Del. Code Title 6 "Uniform Fraudulent Transfer*

Act."§ 1309, and Del. Code Title 11 CHAPTER 5. Subchapter VI. part A. § 1222 (1), and

Del. Code Title 11 CHAPTER 5. Subchapter VI. part A. § 1222 (2), and Del. Code Title

11 CHAPTER 5. Subchapter VI. part A. § 1222 (3) "enterprise members" committed

Perjury in the second degree; class F felony;


59.     Plaintiff alleges on personal knowledge, information, and belief; **a.** on July 17, 2009

"Menne" represented "Citi" and "Mers"; **b.** on July 17, 2009 "Menne" swore falsely made

a false statement in a written instrument for which an oath is required by law; **c.** on July 17,

2009 "Menne" made the false statement with intent to mislead a public servant (New

Castle County Recorder of Deeds) in the performance of his official functions; **d.** on July

17, 2009 "Menne" endorsed a false statement created by "Morris" Material to the "Claim"

contested herein, and in Delaware Superior Court Civil Action NO.: 09L-07-313-CLS;


60.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise

members" or about May of 2007 filed for recordation a altered mortgage document at the

Delaware New Castle County Recorder of Deeds, specifically **a.** The false mortgage had;

1) a mortgagor name Shirley A. Bishop who did not sign; 2) Shirley A. Bishop who did not

agree to terms; 3) Shirley A. Bishop did not apply for a mortgage; 4) Shirley A. Bishop

disputes the claim she signed a mortgage; 5) Shirley A. Bishop received no IRS FORM

1098 interest statements in the years of our god 2007, 2008, 2009, 2010 A.D.; 6) Plaintiff

demanded to view the original mortgage, and Judge Scott order the Originals be made

available for viewing on (3) separate occasions; 7) "enterprise member" "Hatfield" by

letter claimed no original was available, claimed that the Original Mortgage and Note had

been destroyed <u>after</u> they it been ordered by Judge Scott to be produced; **b.** The page number of the Mortgage document Plaintiff saw at closing was changed from (16) to (17). **c.** The standard initial line for the form No. 3008, supposed to be located at the bottom of each Mortgage document page was removed, and is not present on the recorded instrument. The Original document was replaced or altered prior to perfection. **d.** The signature page of the altered and recorded document has no content that would indicate it is part of a mortgage document; **e.** on <u>May 4, 2007</u> the note was improperly endorsed to "Citi" by Cardinal Financial Company; on <u>May 4, 2007</u> the Mortgage document in the body named "Mers" as nomine for Cardinal Financial Company LP. Splitting the Mortgage and Note prior to perfection on <u>May 4, 2007</u>;

61.     Plaintiff alleges on personal knowledge, information, and belief; the "Claim", filed in BK <u>11-12338-BLS</u> on <u>December 6, 2011</u>, and appears on that Claims register as Claim <u>No.12</u> violated Fed. R. Bankr. P. 3001 (e) (1) as alleged herein;

62.     Plaintiff alleges on personal knowledge, information, and belief; the filing of the "Claim" and attachments was a criminal act by enterprise members that Specifically: violating Title 18 U.S.C. 1961(1) (B) section 1029 fraud; violating Title 18 U.S.C. 1961 Part 1 (B) section 1341mail fraud; violating Title 18 U.S.C. 1961 Part 1 (B) section 1503 obstruction of justice; violating Title 18 U.S.C. 1961 Part 1 (B) section 1951interferance with commerce; violating Title 18 U.S.C. 1961 Part 1 (B) section 1952 related to racketeering; violating Title 18 U.S.C. 1961 Part 1 (D) fraud; violating Title 15 U.S.C. §§ 1692 (e) 2 (a) made a false representation regarding the legal status of a claimed debt; violating Title 15 U.S.C. §§ 1692 (e) 10 used false claim and deceptive means to attempt

to collect a claimed debt; violating Title 15 U.S.C.  §§ 1692 (e) 12 made a false

representation that the account was have been turned over to an innocent person; violating

Title 15 U.S.C. §§ 1692 (f) the attempt to collect a claimed debt that is prohibited by law;

violating Title 18 U.S.C. Part 1 Chapter 9, 157. The filing was part of scheme or artifice to

defraud; violating Title 18 U.S.C. Part 1 Chapter 9, 157 (3) made a false or fraudulent

representation, claim in relation to a proceeding; and Delaware Law specifically: violated

Del. Code Title 11 CHAPTER 5Subchapter VI. Subpart A. § 1269. class G felony and Del.

Code Title 6 "Uniform Fraudulent Transfer Act." § 1309. (1). For the above illegal acts

Plaintiff herein now request a determination that the security instruments be voided

pursuant to Del. Code Title 6 § 3-601 (a);

63.     Plaintiff alleges on personal knowledge, information, and belief;  "enterprise

members" actions claimed herein are felonies punishable by imprisonment of more than a

year, that are actionable for damages herein under Title 18 U.S.C. Chapter 96 part 1 §§

1964 (c), and Title 18 Chapter 96 part 1 §§ 1964 (d) (d);

64.     Plaintiff alleges on personal knowledge, information, and belief; herein claim

damages under Federal Rules of Bankruptcy Procedure 7001 (6), and Federal Rules of

Bankruptcy Procedure 7001 (9), and Federal Rules of Bankruptcy Procedure 4007 (a) for

violation of Federal law. Fed. R. Bankr. P. 3001 (e) (1); (c), Title 42 U. S. C. Chapter 21

Sec 1982, and Title 42 U. S. C. Chapter 21 Sec 1983;

65.     Plaintiff alleges on personal knowledge, information, and belief; Plaintiff filed this

action to benefit himself, the Courts, and millions of other citizens of the United States of

America, to shine light on <u>rouge attorney's</u> (officers of the Courts), currently Committing

fraud in the Courts of this Great Nation at a time of National Crisis, severely injuring our

Nation. The attorneys some of whom are Defendants herein, beginning on or about <u>May 4,</u>

<u>2007</u> conspired to and implemented a plan to evade: RESPA, Delaware Law, Federal Law,

New Castle County procedures, Taxes and Fees associated in their everyday course of

business; On <u>July 17, 2009</u> altered their scheme to commit theft, with the confidence

derived from a well thought out plan by <u>great legal criminal</u> minds, a plan to obfuscate any

attempt to seek legal redress, to this point the legal counsel has been superior to established

checks and balances of the Courts and this Plaintiff. On <u>July 24, 2009</u> the enterprise caused

a false pleading to be filed and Violated Plaintiff Civil rights to a fair due process, and

continuing, including filing the fraudulent "Claim" and false or altered attachments in

support. Only an interested Federal Court Judge has a chance to Police the Super rich and

politically powerful "enterprise members", and protect the Nation citizens, only a self

represented citizen is willing to present the criminal claims in the open Court, for an

adjudication or referral by a concerned Court for prosecution to the U.S. Attorney General

Eric Holden;

66.    Plaintiff alleges on personal knowledge, information, and belief; "enterprise

members" wear multiple hats for the purpose to confuse and deceive the legitimacy of

transfers, transfer(s) that violated the Delaware Uniformed Commercial Code beginning on

<u>May 4, 2007</u> and continuing on <u>July 17, 2009</u>, the "enterprise" members evaded the Code

wrongly, to evade tax and fees associated in the daily operation of their business under

local law *Del. Code Title 6 sub.1 article 11 § 11-106. (4),* fraudulent concealment of a transfer, tax and fee avoidance;

67.    Plaintiff alleges on personal knowledge, information, and belief; on <u>May 4, 2007,</u> continuing <u>On July 17, 2009,</u> and continuing on <u>December 6, 2011</u> the enterprise tampered with physical evidence by altering the attachment titled "Mortgage" a violation of *Del. Code Title 11 CHAPTER 5Subchapter VI. Subpart A. § 1269. Tampering with physical evidence; class G felony. (1) a;*

68.    Plaintiff alleges on personal knowledge, information, and belief; the break in the chain of title of the security instrument(s) known as "Mortgage and Note" was a by-product of the enterprises illegal plan to avoid of fees and taxes, the scheme was implemented prior to any legal perfection, began before <u>May 4, 2007,</u> prior to the loan closing, included evasion of RESPA disclosure, truthful filing, and known procedures that would have perfected the security instruments, and ensured enforceability. The "enterprise members" failed to use standard un-altered forms, such as form 3008 and <u>UCC</u> forms, failed to record assignments at the New Castle County Recorder of Deeds, wrongly evaded paying tax and fees on the sales or transfers. The evasion denied the State of Delaware State fees charged for the filing of a <u>UCC form 1 or 3</u> , the fees is <u>$100.00</u> One Hundred U.S. Dollars plus <u>$2.00</u> two U.S. Dollars per page over (4) four pages.  See local law *Del, Title 6 article 3 sec. 3-203. (b) Del. Title 8 Chapter 1 § 111. (3);*

69.    Plaintiff alleges on personal knowledge, information, and belief; the "enterprise

members" filed a fraudulent "Claim" with fraudulent and altered attachment(s) on

December 6, 2011, as set forth in Debtors opposition to the "Claim" Bk. Case D.I. 55, and

incorporated by referenced herein.  Plaintiff cites U.S. District Court Gewecke v. U.S.

Bank case file number 09-cv-01890; and Tabor, F.2d at 1303, the security instrument has

been separated, nullified, "the note and mortgage are inseparable; *CARPEN*TER V.

LONGAN, 83 U. S. 271 (1872), U.S. Supreme Court;  63 Del. Laws, c. 275, § 3; cite

Salazar v. U.S. Bank National Association, Case# 10-17456-MM13,(Southern Dist.

Bankruptcy April 11, 2011);

70.    Plaintiff alleges on personal knowledge, information, and belief; the "enterprise

members" provided two (2) versions of the fraudulent Assignment of Mortgage dated July

17, 2009: One version the "Alleged Original" was modified (tax parcel # was XXXed out

and retyped) after signed, witnessed and notarized, the altered Version was the one they

attached to "Claim" and contested herein as fraudulent;

## COUNT 2
### For a determination of whether violations of the Fair Debt Collection Practices Act;

71.    Plaintiff alleges on personal knowledge, information, and belief; "Citi" failed to

respond to the letter  of demand by Plaintiff as required under Title 15 U.S.C. chapter 41

subchapter 5 1692G (g) (a) (4) Validation of Debt. The failure to respond violated Title 15

U.S.C.  chapter 41 subchapter 5 1692G (e) (2) (a),  Title 15 U.S.C.  Chapter 41 subchapter 5

1692G (e) (5), Title 15 U.S.C.  Chapter 41 subchapter 5 1692G (e) (10), Title 15 U.S.C.

Chapter 41 subchapter 5 1692G (e) (12), and Title 15 U.S.C.  Chapter 41 subchapter 5 1692G

(e) (14).  The response violated local law *5 Del. C. 1953, § 928 (a)*, and *5 Del. C. 1953, §*
*939 (c);*

72.  Plaintiff alleges on personal knowledge, information, and belief; the attorney
"enterprise members" knowingly continued the scheme even after "Citi" designated affiant
"Wood" acknowledged the debt claimed by "Citi" was a false claim, debt collectors are
explicitly forbidden from making false statements about debts in the first instance, the
enterprise violated 15 U.S.C. § 1692e(2)(A); cite *Gammon v. GC Servs. Ltd. Partnership*, 27
F.3d 1254, 1257 (7th Cir. 1994) that holds under the FDCPA, a representation about a debt
"need not be deliberate, reckless, or even negligent to trigger liability—it need only be false."
*Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007). *See also*
*Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) held "Debt collectors may not
make false claims, period";   "enterprise members" violated legal requirements that hold;
servicers are subject to the FDCPA as debt collectors *Games v. Cavazas*, 737 F.Supp. 1368
(D.C., D. Del. 1990);

## Count 3

### For a claim of damages, statutory, compensatory damages, punitive damages, incidental damages, and treble damages

73.  Plaintiff alleges on personal knowledge, information, and belief; herein move
pursuant to local law *Del. Code 5  1953, § 8-306 (a)* for a award of damages against the
"enterprise members" for the  filing of the "Claim" and attached fraudulent document(s)
damages specifically for: (1) materially altered documents; (2) the transferor knew of
impair of the validity of the security; (3) the transferor  knew of  adverse claim to the

security; (4) the transferor knew of restriction on transfer; (5) the endorsement was made

by an in-appropriate person; Plaintiff herein incorporates by reference all claims and legal

assertions made in Bk. Case No. 11-12338-BLS <u>D.I.55</u> and <u>D.I. 26</u>; and civilly actionable

herein under Title 18 Chapter 96 part 1 §§ 1964 (c), and Title 18 Chapter 96 part 1 §§ 1964

(d). Plaintiff claims he is entitled to tremble actual and statutorily-enhanced damages

caused by the Defendants' in violations of Title 18 U.S.C. 1001; Plaintiff has been injured

by "racketeering activity", as "predicate acts" under Title 18 U.S.C. 1961 (1);

74.    Plaintiff alleges on personal knowledge, information, and belief; the "enterprise

members" scheme relies on debtors, Courts, Trustees not challenging the validity of the

attachments to "Claims" even when they clearly fail on their face;

## COUNT 4
### For the intentional, malicious, and negligent infliction of severe emotional distress with malice of forethought

75.    Plaintiff alleges on personal knowledge, information, and belief; the "enterprise

members" and their cohorts intentionally caused severe emotional distress to Plaintiff and

his wife, that resulted in the loss of sexual activity, and severe distress, not an abnormal

response to the circumstances, a reasonable person would be unable to cope with the

mental distress caused by the circumstances; the "enterprise members" action(s) caused

Plaintiff emotionally, and financially via loss of employment; see COLLINS v. BURG

Lucille K. COLLINS, Appellant, v. Linda BURG, Appellee. No. 98-1878;

76.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" and their cohorts violated Delaware Law in the infliction on the Plaintiff: On July 24, 2009 and continuing the enterprise violated Del. Code  Section 3533 by willfully committing aggravated intimidation of Plaintiff, it is extremely intimidating when fraud is brazen, and when Plaintiff yelled from the roof top  reporting the fraud, but was ignored, the "enterprise members" acted with malice of forethought accused Plaintiff wife of stalking "Hatfield"  in open Court in furtherance of a the conspiracy for pecuniary gain while representing another person "Citi", Plaintiff was in fear for his wife and his liberty, "Hatfield" violated  Delaware Law Del. Code - Section 3533 (2), (4)  aggravated intimidation class D felony;

77.     Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" and their cohorts intentionally caused severe emotional distress over a (2) two year period, (6) six month period, testing the Plaintiff believe in this great nations system of Justice, in the Delaware Superior Court and in the Bankruptcy action, the scheme, has caused Plaintiff to experience ongoing emotional distress from his feeling he is opening being treated un-fairly a violation of his constitutional protected rights, and testing his beliefs, testing his belief of good over evil, over an extended period of time beginning in July of 2009 and continuing, the distress of firsthand knowledge of the operation of the "enterprise members" audaciously open fraud, without any fear of redress by the Delaware Courts, Delaware State Attorney General, New Castle County Recorder of Deeds. Extreme Distress exhibited in his writings, in the Delaware Superior Court, certified letter(s) to the Delaware Recorder of Deeds, calls to State Attorney General; The "enterprise members"

conduct included outrageous, open and <u>willful</u> violation of statutory standards, caused

Plaintiff damage to his creditability, damage emotionally, defamed him, and financially

ruined him; as set forth herein, and in Bk. Case <u>No. 11-12338-BLS</u> <u>D.I.55;</u> Plaintiff

claim(s) actual and statutorily-enhanced damages under as provided by 42 U.S.C. § 1983

for violation of Plaintiff Constitutional Rights set forth in the Fourteenth Amendment to the

U. S. Constitution. see COLLINS v. BURG Lucille K. COLLINS, Appellant, v. Linda

BURG, Appellee. No. 98-1878; the Delaware foreclosure action was been prolonged

through fraud, by false affidavit(s) from attorney/witness/undesignated affiant "Hatfield"

<u>October 1, 2009</u>, <u>October 14, 2009</u> and <u>October 1, 2009</u>, and additional acts of

misrepresentations by "Hatfield" in responses to motions she personally endorsed with full

knowledge when endorsing the statements contained in the body to be false, and supported

the false claims by self-created bad materials also known by her to be fraudulent,

"Hatfield" intentionally prolonged the torment for an extended period of time;

78.    Plaintiff alleges on personal knowledge, information, and belief; violation of the fair

credit reporting act occurred, at all times material, "Citi" provided information to the Credit

Reporting Agencies, including but not limited to Experian, Equifax, and TransUnion that

were false under the Federal Fair Credit Reporting Act, and wrongfully, improperly, and

illegally reported negative information regarding the Plaintiff to one or more Credit

Reporting Agencies, resulting in Plaintiff loss of employment, and the lowering of his FICO

scores;

## Count Five

### To determine the validity and/or dischargeability of a claimed debt

79.    Plaintiff alleges on personal knowledge, information, and belief; on July 24th, 2009

the Defendant "Citi" with the assistance of the "Enterprise" brought an action against the

Plaintiff using fraud. Specifically that Defendant "Citi" claimed (complaint claim #3) to

have provided a mortgage and note to the Plaintiff on May 4th, 2007;

80.    Plaintiff alleges on personal knowledge, information, and belief; the May 4, 2007 and

July 17, 2009 assignment of mortgage violated local Del Code, UCC Title 6 article 3 sec. 3-

203. Transfer of instrument; (b) the transferee cannot acquire rights of a holder in due course

by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in

fraud or illegality affecting the instrument, Plaintiff claims the settlement on May 4, 2007

was a fraudulent settlement, and the transfers claimed to happen after were also fraudulent;

81.    Plaintiff alleges on personal knowledge, information, and belief; the claimed debt

listed in the "Claim" is un-enforceable, and now herein request a discharge;

### Count Six
### "For false claim of a transfer or illegal transfer of a claimed debt"
### "attempting to collect a known false debt"

82.    Plaintiff alleges on personal knowledge, information, and belief; *Del. Code Title 6*

*"Uniform Fraudulent Transfer Act." § 1309. (1)*; has been violated by the "enterprise

members" the "Claim" and attached security instrument(s) was sold, and that sale was

subject to Article 3 of the Uniformed Commercial Code, required steps or procedures to be

followed, to maintain the validity of the instrument(s), and if the instrument(s) had been

properly perfected which Plaintiffs <u>disputes</u> herein, and in Bk. Case <u>No. 11-12338-BLS</u> D. I.

<u>55</u>, and in the Delaware Superior Court; The "enterprise members" <u>DID NOT</u> take the

following steps or actions for a proper and legal transfer to occur: **(a)** endorsement of the

"Note" on the first page of the Note or on an allonge if the front page is full of prior

endorsements from the Holder to the Buyer; **(b)** physical delivery of the instruments

"Mortgage and Note" each time the Security Instrument(s) are negotiated for sale; **(c)**

acceptance of delivery of the instruments by the purchaser; **(d)** the filing of International

Association of Commercial Administrators (IACA) UCC Financing Statement <u>UCC-1</u>

federal form or <u>UCC-9</u> Delaware State form; **(e)** the Recording of the transfer at the New

Castle County Recorder of Deeds, and payment of required recording fees. In the instant

proceeding <u>it appears at least (4) four illegal and incomplete transfers occurred</u>. The failures

of the steps required were intentionally, and failed to meet the legal requirements for the

purpose to avoid taxes and fees. Plaintiff herein Moves and request a discharge of "Claim"

pursuant to *Del. Code Title 6 subtitle 1 article 3 part 3 § 3-308. (a,),* and *Del. Code 5  1953,*

*§ 8-306 (a)* for a discharge of the "Claim" and assert specifically: On or about <u>May 4, 2007</u>

the first known  transferor occurred when Cardinal Financial Company LP., prior to the

transfer, recording, and perfection, of the security instrument(s): (1) <u>materially altered</u>

<u>documents</u> as set forth herein, and in Bk. Case No. <u>11-12338-BLS  D.I. 55</u>, materially

altered the Mortgage and Note, (2) the transferor Cardinal Financial Company LP.  acted

with full knowledge of the impair of the validity, they personally caused the security

instruments to be split prior to perfection with the Mortgage remaining in Cardinal Financial

Company LP. name with "Mers" as nominee for them, and the Note had been transferred to

"Citi" who was the un-disclosed lender, splitting of the security instrument(s) prior to

recording and perfection of the security instrument(s); and (4) the transferor knew of restriction on transfer of the Note while retaining the Mortgage prior to the transfer, knew failure to abide to the restriction would nullify and invalid the enforceability of the security Instrument(s) if found out; (5) the endorsement was made by an in-appropriate person, Cardinal Financial Company LP. transferred interest they did not own as part of a dual brokered home loan, with full knowledge that Delaware State law prohibited a dual brokerage of residential loans;

83.    Plaintiff alleges on personal knowledge, information, and belief acquired as a manager for Island Mortgage; On or about May 19, 2007 "Citi" sold the Note only to Fannie Mae with full knowledge, withheld the Mortgage: **1)**. The Note had not been perfected, and had falsely claimed Cardinal Financial as lender, altered as set forth herein, with  the standard Fannie Mae Mortgage form 3008 altered after settlement to conceal Plaintiff wife not agreeing or signing, the Mortgage and Note; **2)**. The un-disclosed lender transferor "Citi" acted with full knowledge of the impair of the validity of the security instrument(s), they personally participated in causing on May 4. 2007, and had knowledge that "Mers" remained the nominee for the holder of the Mortgage  Cardinal Financial Company LP., and at no time acted as nominee and transfer the Mortgage to "Citi" or Fannie Mae,  a second split of the security instrument(s); **3)**. The transferor "Citi" knew of restriction on transfer of the Note while a third party retained the Mortgage, and knew that the July 17, 2009 claimed transfer failure to receive the delivery of the  Note by Fannie Mae to "Citi" would nullify and invalidate the enforceability of the obligation set forth in the security Instrument(s) if found out; **4)**. The "enterprise members" knew the

endorsement on May 4, 2007 and the assignment of mortgage on July 17, 2009 were both made by an in-appropriate person(s), Failed to meet the standard; <u>Armstrong, 320 B.R. at 106;</u>

84.    Plaintiff alleges on personal knowledge, information, and belief; the "enterprise members" evaded the required filing requirements set forth in the International Association of Commercial Administrators (IACA) UCC Financing Statement <u>UCC-1</u> federal form or <u>UCC-9</u> Delaware State form, and the recording of the transfer(s) at the recorder of deeds. Plaintiff herein moves pursuant to *Del. Code 5 1953, § 8-306 (a)* for a discharge of the "Claim" , an Order clearing all clouds on title of his home, as any grant of a certificate of title to an entity other than the Plaintiff creates an incurable defect in title;

85.    Plaintiff alleges on personal knowledge, information, and belief; on <u>July 17, 2009</u> the "enterprise members" violated local *law Del, UCC § 8-306 (a); (c); (d) (1) A person who endorses a security certificate warrants to the issuer that there is no adverse claim to the security;* "Citi" threatened Plaintiff with suit prior to "Menne" perjured transfer of security instrument, violated *Del, UCC § 8-105 (A) (2); (3)*; violated local *Del. Code Title 11 Chapter 5 Sub. 6 part A. 1222.(1), Perjury a class F felony)*;

86.    Plaintiff alleges on personal knowledge, information, and belief; July 17, 2011 "Menne" and "Luecke" violated Delaware Law *Title 11 Chapter 5 Subpart A. § 1224. Definition of "swears falsely."* "Menne" intentionally made a false statement(s) and affirmed a false statement(s),  knowing them to be false, while giving testimony in a written instrument, while knowing the written instrument would be recorded; **(b)** "Menne" acted for all parties, and is herein challenged as to lack his lack of standing; **(c)** The DRE

requires Rule 902. (12) (C) The declaration must be signed in a manner that, if falsely made, would subject the maker to criminal penalty under the laws of the country where the declaration is signed;

87.     Plaintiff alleges on personal knowledge, information, and belief; he due to the stress created by the brazen fraud, could not concentrate,  was written up, then in May of 2010 stopped going to work , became obsessed in his attempt to seek justice, the job paid over $ 45,000.00. Plaintiff continued to work as a mortgage loan officer from home, until forced to turn in his license because of his two foreclosures listed on his credit report, he has been unable to find replacement job, Plaintiff lack of employment is specifically do to fraud in two foreclosure actions and false reporting on his credit report, still distressed;

88.     Plaintiff alleges on personal knowledge, information, and belief; "Citi" attorney "Hatfield" confirmed "Wood" sworn statement that "Citi" was not the holder of the security instrument(s) in a response to Order for Dismissal filed in the Delaware Superior Court admitted that the recorded documents were fraudulent;

89.     Plaintiff alleges on personal knowledge, information, and belief; claim a false claim of the transfer of a claimed debt, as set forth in Bk. Case No. 11-12338-BLS D.I.55, and incorporated by reference herein. The assignment of mortgage attached to the "Claim" failed to establish a legal transfer, required under local law regarding a transfer of a claimed debt Del. C. 1953, § 8-304, (a) (1) and (3). The assignment of mortgage also fails Del. C. Title 6 § 1304. Transfers fraudulent (a) (2) (b) In determining actual intent under

subsection (a) (1), consideration may be given, the "Claim" of Debt is false, the letter

demand by Plaintiff was not properly responded to under U.S. Code Title 15 chapter 41

subchapter 5 1692G (g) (a) (4) Validation of Debt. The response violated Title 15 U.S. C.

chapter 41 subchapter 5 1692G (e) (2) (a), (5), (10), (12) and (14), and violated local law 5

Del. C. 1953, § 928 (a), and 5 Del. C. 1953, § 939 (c); see Triffin v. Johnson, 359 N.J.

Super. 543, 547 (App. Div. 2003); on July 17th, 2007 "Mers" Claimed a "Mortgage was

transferred to "Citi" with knowledge the debtor had been threatened with suit, violating

Delaware Law Title 6 § 1304. Transfers fraudulent as to present and future creditors (b) In

determining actual intent under subsection (a) (1), consideration may be given, among

other factors, to whether: (4) Before the transfer was made or obligation was incurred, the

debtor had been sued or threatened with suit; , participated in the acts as described in

herein; "Menne" July 17th, 2011 document fails, no value or consideration was exchanged;

**(b)** no witness in violation of Del Title 25 chapter 21 § 2109. Assignment of mortgages; **(c)**

no attached power of attorney in violation of Del. Code Title 6 subtitle 1 article 3 part 3  §

3-308 (a) authority to make; Move pursuant to Del. Code Title 6 subtitle 1 article 3 part 4 §

3-407.  Plaintiff herein moves for a discharge of the claim; See Boyle v. United States 129

S. Ct. 2237, 2243 (2009);

90.     Plaintiff alleges on personal knowledge, information, and belief; The Mortgage

recorded at the Delaware Recorder of Deeds, the subject of the foreclosure action that was

the cause of this instant action, the mortgage with an Mortgage Indentifying Number

(hereafter referred to as MIN), MIN 1000922-0000013423-2 was listed paid in full on the

"Mers" site at the time of the claimed assignment on July 17, 2009, and at the time of

foreclosure on July 24th, 2009 and the Status **IS** viewable on the "Mers" site
https://www.mers-servicerid.org/sis/search as inactive;

91.     Plaintiff alleges on personal knowledge, information, and belief; The "Enterprise"
caused two (2) fraudulent assignments of mortgage(s) to be recorded at the Delaware New
Castle County Recorder of Deeds, 1st. was filed (2) two months after the filing of
foreclosure on September 16th, 2009 and the 2nd. on March 17th, 2010. A third one was
filed as an unrecorded assignment of mortgage on July 24, 2009 in the Delaware Superior
Court Civil Action NO.: 09L-07-313-CLS.  no-bona fide fiduciary obligation exists
pursuant to *Del. C. 1953, § 8-304, (a) (1) and (3);* The Security instrument has been
nullified and or voided by the holder's conspiracy for tax evasion and fee avoidance in the
daily operation of their businesses, and then their election to amend the plan when the
National crisis occurred in July of 2008, to commit theft by fraud;

92.     Plaintiff alleges on personal knowledge, information, and belief; "enterprise
members" who are corporations practice unfair tactics' as a daily course of business, a
dangerous practice that is enhanced greatly by the recent Supreme Court 5-4 ruling, they
now have new and enhanced powers to corrupt the democracy our solider's have fought
and died for, the recent Supreme Court Rulings that will now allow corporate money to
flood the political marketplace, the enterprise members must be outed a an criminal
organization or they will use their great wealth to corrupt our democracy, if felonies
corporations are allowed to operate on their face as criminals, democracy will fail, Plaintiff
cannot hold them accountable, the burden falls to this court. The 5-4 ruling that

Corporations are <u>persons</u> removes the single biggest problem the preceding organized

crime outfit's had, it is now open season on individuals rights over corporations;

NOTEWORTHY: the failure to file the UCC forms and/or record the transfers of

exceeding a Trillion U.S. Dollar of securities leaves the U.S. Government Blind and is a

grave national security concern;

93.     Plaintiff alleges on personal knowledge, information, and belief; Title 28 part 5

chap. 111 § 1652. The laws of the states shall be regarded as rules of decision in civil

actions in the courts of the United States, in cases where they apply;

94.     **All Count** numbers, paragraphs and captions are asserted for reference only and are

not intended to limit the substance of the claims made, all Counts all consolidated and

single.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment as follows: **1).** A referral from the Court to

the United States Attorney for investigation of the Defendant(s); **2).** Special Damages as set

forth in this complaint. Plaintiffs request an excessively large award of damages to deter

future similar schemes, and protect the "presumption of truthfulness" in Bankruptcy Court

Proceedings.  Plaintiff request Punitive damages of in U.S. Dollars of gross profits of all

listed Defendants from <u>July 17, 2009</u> to the date of the Order of award requested herein; **3).**

Plaintiffs are entitled to actual and statutorily-enhanced damages, compensatory damages.

**4).** Plaintiffs request treble damages of the compensatory damages to be determined during

trail. **5).** Plaintiffs request a percentage of the fine imposed for being the originating source

of discovery of the illegal acts, participation in fines accessed by this Court and any other

government agency in the amount of (25%) Twenty Five Percent of all fines accessed, and

all actions that arise from this Complaint that was forwarded to the United State Attorney

General Eric Holden, and the Delaware State Attorney General. **6).** An award for Statutory

Damages $1,000.00 One Thousand U.S. Dollars for each document filed with an including

the "Claim" with treble damages applying; **7).** An Order that Defendant(s) be barred from

associating. **8).** An award in U.S. Dollars of the three times the value of the fraudulent as

stated herein, from Defendant; **9).** An Order to discharge the alleged debt filed in the

"Claim" **10).** An award for emotional distress set forth herein; **11).** An Order for granting

access by Plaintiff to audit the Defendant(s) financial, and Tax Records at a Delaware

location. **12).** An order that the Defendants stop their illegal conduct. **13).** Such other and

further relief available under all applicable state and federal laws. **14).** Any relief the Court

deems just and appropriate; Pre-judgment and post-judgment interest at the maximum rate

allowable by the laws of the State of Delaware;

Respectfully submitted, Date January 16, 2012

Signature(s) of Plaintiff(s)
Romie D.  Bishop
Self represented Plaintiff
220 Hazel Ridge Dr.
Wilmington, DE 19810
302-373-1424
romiebishop@verizon.net

**Romie David Bishop, Shirley Ann Bishop Doc _____ Filed 01/17/2012 Case 11-12338-BLS**

## TABLE OF CONTENTS CITIMORTGAGE, INC.

FILED

2012 JAN 17  PM 9: 38

CLERK
US BANKRUPTCY
DISTRICT OF DEL

Complaint to/for ....................................................................................P. 1

Count 1 ............. To/for a determination if acts claimed are Violations
              Of the Racketeer Influenced and Corrupt Organizations
              Act ("RICO") ....................................................................P. 1, 17-27

Count 2 ............ For a determination of whether violations of the Fair
              Debt Collection Practices Act ("FDCPA")....................P. 2, 27, 28

Count 3 ..............For claim of damages, statutory, compensatory
              damages, punitive damages, incidental damages,
              and treble damages ................................................P. 2, 28, 29

Count 4............. For Intentional, malicious, and negligent  infliction of
              Severe emotional distress, with malice of forethought.........P. 2, 29-31

Count 5 ........... For a claim of unfair and deceptive acts; by
              an criminal organization of businesses,
              that wrongly affected interstate commerce on a large scale...P. 2, 32

Count 6............To determine the validity and dischargeability
              of a claimed debt ..................................................P. 2, 32-39

Jurisdiction of the Bankruptcy Court ....................................................P. 2-3

Plaintiff ...........................................................................................P. 3

Defendant(s)................................................................................. P. 3-7

Relationships between the Defendant(s) ...............................................P.8

Nature of Proceeding ..............................................................…..... P. 8-10

Effect on Interstate Commerce ........................................................ P. 10-14

History or longevity of the enterprise …………………………………..…….… P. 14-15

Pattern ………………………………………………………………………....P. 15

Fraudulent Concealment of the criminal acts …………………………………P. 15-17

Wherefore ……………………………………………………………………....P 39-40

Romie David Bishop, Shirley Ann Bishop Doc ____ Filed 01/17/2012 Case 11-12338-BLS

## TABLE OF AUTHORITEIS CITIMORTGAGE, INC.

FILED

2012 JAN 17  AM 9:38

CLERK
US BANKRUP
DISTRICT OF

Delaware Uniformed Commercial Code ................................ P. 23

Del. C. 1953, § 8-304, (a) (1) .............................................. P. 36, 38

Del. C. 1953, § 8-304, (a) (3) ........................................... P. 36, 38

Del. Code 5  1953, § 8-306 (a) ........................................... P. 28, 33, 35

5 Del. C. 1953, § 928 (a) ................................................... P. 28, 37

5 Del. C. 1953, § 939 (c) ................................................... P. 28, 37

Del. Code - Section 3533 (2), (4) ........................................... P. 30

Del. Code Title 6§ 1203(b)
................................................................................ P. 2, 30

DEL CODE § 1205 receive 25 percent of the proceeds of the action
                or settlement of the claim
................................................................................. P 30

Del, Code Title 6 article 3 sec. 3-203. (b) ................................. P. 23, 24, 31

Del. Code Title 6 subtitle 1 article 3 part 3 § 3-308. (a,)................. P. 33, 37

Del. Code Title 6 subtitle 1 article 3 part 4 § 3-407 ..................... P. 37

Del. Code Title 6 § 3-601 (a) ................................................. P. 24

Del. Code Title 6 sub.1 article 11 § 11-106 (4) ........................... P. 23, 26

Del. C. Title 6 § 1304. ........................................................P. 36

Del. C. Title 6 § 1304. (a) (2) (b) ..............................................P. 36

Del. Code Title 6 § 1309 ................................................... P. 21, 22, 24, 31

Del, UCC § 8-306 (a); (c); (d) (1) ........................................... P. 35

Del, UCC § 8-105 (A) (2); (3) ................................................. P. 35

63 Del. Laws, c. 275, § 3

Del. Code Title 8 Chapter 1 § 111. (3) ...................................... P. 24


Del. Code Title 11 CHAPTER 5. Subchapter VI. part A. § 1222 (1)... P. 22, 35

Del. Code Title 11 CHAPTER 5. Subchapter VI. part A. § 1222 (2),  P. 22

Del. Code Title 11 CHAPTER 5. Subchapter VI. part A. § 1222 (3) . P. 22, 26

Delaware Law Title 11 Chapter 5 Subpart A. § 1224. ................. P. 35


Del. Code Title 11 CHAPTER 5 Subchapter VI. Subpart A § 1269... P. 24, 26

Del Title 25 chapter 21 § 2109 ............................................... P. 37

Title 12 U. S. C. §484(a) ...................................................... P. 3


Title 15 U.S.C. Chapter 41 subchapter 5 1692G (g) (a) (4)
                     Validation of Debt ................................. P. 27, 37

Title 15 U.S.C.  Chapter 41 subchapter 5 1692G (e) (2) (a) .......... P. 27, 28, 37

Title 15 U.S.C.  Chapter 41 subchapter 5 1692G (e) (5) .............. P. 27, 37


Title 15 U.S.C.  chapter 41 subchapter 5 1692G (e) (10) ............. P. 27, 37

Title 15 U.S.C.  chapter 41 subchapter 5 1692G (e) (12) .............. P. 27, 37

Title 15 U.S.C.  chapter 41 subchapter 5 1692G (e) (14) ............... P. 27, 37

Title 15 U.S.C.  §§ 1692 (e) 2 (a) ........................................... P. 23,

Title 15 U.S.C.  §§ 1692 (e) 10............................................... P. 23

Title 15 U.S.C.  §§ 1692 (e) 12 .............................................. P. 24

Title 15 U.S.C. §§ 1692 (f) .................................................. P. 24

Title 18 U.S.C. 1961 Part 1 (B) section 1503………..…………... P. 9, 23

Title 18 U.S.C. Part 1 Chapter 9, 157. ……………..………….. P. 24,

Title 18 U.S.C. Part 1 Chapter 9, 157 (3) ………..……………. P. 24

Title 18 U.S.C. 1001 …………………………………… ….. P. 29

Title 18 U.S.C. 1961(1) (B) section 1029 fraud …………………... P. 23,

Title 18 U.S.C. 1961 Part 1 (B) section 1341mail fraud ………….. P. 23,

Title 18 U.S.C. 1961 Part 1 (B) section 1951 ……………………. P. 23

Title 18 U.S.C. 1961 Part 1 (B) section 1952 ……………………. P. 23,

Title 18 U.S.C. 1961 Part 1 (D) fraud ………………………….. P. 23

Title 18 U.S.C. 1961 (1) ……………………………  ………… P. 29

U.S.C. Title 18 Part 1 Chapter 96 1961 (9) …………..………… P. 11, 21

Title 18 U.S.C. Chapter 96 part 1 §§ 1964 (c) ………………….. P. 24, 29

Title 18 Chapter 96 part 1 §§ 1964 (d) ………......................……... P. 24, 29

U.S.C.  Title 28 Part 1 Chapter 6 §§ 157 (b) (1) ………………….P. 2

Title 28 part 5 chap. 111 § 1652 …………………………………P. 39

Title 28 U.S.C. § 1334 …………………………………………P. 2

Title 28 U.S.C. § 157 (b) (2) (A) ……………………  …………..P. 3

Title 28 U.S.C. § 1409 …………………………………………P. 2

Title 31 U.S.C. 3729 (a) (1) (G) ……………………………………… P. 30

Title 42 U.S.C. Chapter 21 Sec. 1982 ………………………….. P. 3, 18, 19, 24

Title 42 U.S.C. Chapter 21 Sec. 1983 …………………………….P. 3, 18, 24, 31

section 12 of the Securities Exchange Act of 1934 ………..……… P. 10

section 15(d) of the Securities Exchange Act of 1934 …………… P. 10

section 6 of the Securities Act of 1933 ……………………………… P. 10

UCC ………………………………………………………………………… P. 10

Article 3 of the Uniformed Commercial Code ……………………… P. 32

International Association of Commercial Administrators (IACA) …….P. 33, 35

UCC-1 federal form ………………………………………………………P. 33, 35

UCC-9 Delaware State form
………………………………………………………………………….. P. 33

Federal law. R. Bankr. P. 3001 (e) (1)……………………………... P. 23


Federal law. R. Bankr. P. 3001 (e) (1) (c) …………………………… P. 24

Fed. R. Bankr. P. 3001(f) ……………………………………………… P. 8

Federal Rules of Bankruptcy Procedure 4007 (a) ………………… P. 24

Federal Rules of Bankruptcy Procedure 7001 (6) ………………… P. 24

Federal Rules of Bankruptcy Procedure 7001 (9) ………………… P. 24


Boyle v. United States 129 S. Ct. 2237, 2243 (2009) ………………… P. 37

CARPENTER V. LONGAN, 83 U. S. 271 (1872) ………………… P. 27

COLLINS v. BURG Lucille K. COLLINS,
Appellant, v. Linda BURG, Appellee. No. 98-1878 ………………… P. 29, 31

Gammon v. GC Servs. Ltd. Partnership,
27 F.3d 1254, 1257 (7th Cir. 1994) ……………………………………… P. 28

Games v. Cavazas, 737 F.Supp. 1368 (D.C., D. Del. 1990) ………… P. 28


H. J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (U.S. 1989) … P. 8, 17

Ross v. RJM Acquisitions Funding LLC,
480 F.3d 493, 495 (7th Cir. 2007) ……………………………………… P. 26

Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004) ………… P. 28

Salazar v. U.S. Bank National Association, Case# 10-17456-MM13
,(Southern Dist. Bankruptcy April 11, 2011) ………………………… P. 27

Sinclair v. Hawke, 314 F. 3d 934, 943 (8th Cir. 2003) …………………... P. 15, 17

Tabor, F.2d at 1303 ……………………………………………….….. P. 27

Triffin v. Johnson, 359 N.J. Super. 543, 547 (App. Div. 2003) …………… P. 37

U.S. District Court Gewecke v. U.S. Bank case no. 09-cv-01890 …………. P. 27

D. R. E. Rule 902. Self-authentication (1) …………………………….. P. 19

D. R. E. Rule 902. (12) (C)……………………………………….. P. 36


F. R. E. Rule 902 (1) (A) …………………………………..………... P. 19

IRS FORM 1098 ………………………………………………….. P. 22

Fannie Mae form 3008 ……………………………………… ……….. P. 23, 34

Fourteenth Amendment to the United States Constitution …………… P. 18, 31

## AFFIDAVIT OF PLAINTIFFS ROMIE DAVID BISHOP AND SHIRLEY ANN

## BISHOP

FILED

2012 JAN 17  PM 9: 38

CLERK
US BANKRUPTCY
DISTRICT OF

We Romie David Bishop, do depose and say:

1.  I am self represented in the ADVERSARY Proceeding no. _____;

2.  ALL the statements in the Adversary Complaint  D. I.____filed on January 16, 2012 are true

    and correct upon personal knowledge, information, and belief;

3.  I declare under penalty of perjury that the foregoing is true and correct.

Romie D.  Bishop,<br>
Plaintiff/Debtor, Self-Represented<br>
220 Hazel Ridge Dr.<br>
Wilmington, DE 19810<br>
302-373-1424<br>
Romie.bishop@verizon.net

Date: January 16, 2012

STATE OF DELAWARE NEW CASTLE COUNTY
The above was sworn or affirmed to under the penalty of perjury in my presence this
_____16ᵗʰ_____ day of __January_____ A.D. 2012.
_____March 15, 2013_____ My Commission Expires

_____
(Notary Public)

COURTNEY BENNETT WALTON
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires March 15, 2013

**B 104**
**(Rev. 5/00)**

# ADVERSARY PROCEEDING COVER SHEET

**(Instructions on Reverse)**

ADVERSARY PROCEEDING NUMBER

(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Romie David Bishop, V. Citimortgage Inc. ET AL | Citimortgage Inc. ET. AL |

2012 JAN 17  AM 9:30

CLERK
US BANKRUPT
DISTRICT OF DE

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Romie David Bishop Pro-Se 220 Hazel Ridge Drive Wilmington, DE 19810 | |

**PARTY** (Check one box only)    X 1 U.S. PLAINTIFF    __ 2 U.S. DEFENDANT    __ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Title 18 U.S.C. 1964 C+D (RICO) 14th Amendment to U.S. Constitution
Del.C. Title 6, Title 11, Title 25    Title 42 U.S. chapt 21 1982 + 1983
Civil Rights    See Table of Authorities

## NATURE OF SUIT

(Check the one most appropriate)

| | | |
|---|---|---|
| __454 To Recover Money or Property | __455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | __456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| X435 To Determine Validity, Priority, or Extent of a Lien or Other interest in Property | X426 To determine the dischargeability of a debt 11 U.S.C. §523 | __459 To determine a claim or cause of action removed to a bankruptcy court |
| __458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | __434 To obtain an injunction or other equitable relief | X498 Other (specify) Civil Rights |
| __424 To object to or to revoke a discharge 11 U.S.C. § 727 | __457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | RICO Violations SEE Complaint |

**ORIGIN OF PROCEEDINGS**
(Check One Box Only)

X 1 Original Proceeding    __2 Removed Proceeding    __4 Reinstated or Reopened    __5 Transferred from Another    __CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

Bankruptcy 13
Court Delaware

| DEMAND | NEAREST THOUSAND | OTHER RELIEF SOUGHT | JURY DEMAND |
|---|---|---|---|
| | 20,000,000,000.— | | |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

NAME OF DEBTOR Romie David Bishop    Shirley Ann Bishop    BANKRUPTCY CASE NO. 11-12338 BLS

DISTRICT IN WHICH CASE IS PENDING Delaware    DIVISIONAL OFFICE Wilm.    NAME OF JUDGE BLS

**RELATED ADVERSARY PROCEEDING (IF ANY)**

PLAINTIFF Romie D. Bishop Shirley Ann Bishop    DEFENDANT Bank of Amer BAC Home Loans Svc    ADVERSARY PROCEEDING NO. 11-53412-BLS

DISTRICT Delaware    DIVISIONAL OFFICE Wilm.    NAME OF JUDGE Brendon L. Shannon

FILING FEE (Check one box only.)    __FEE ATTACHED    __FEE NOT REQUIRED    __FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|
| 1-17-2012 | Romie D. Bishop | |

**Local Form 109**